## Howard et al. v. Mayse et al.

Nov. 13, 1945.

Nickell & Nickell for appellants.

Yates & Jayne for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Following the death of her husband, Mrs. Beulah Howard and her three children agreed upon a division of the real estate left by him. Mrs. Howard took the tract of land which lies between a county road and the tract which was allotted her daughter, Mrs. Harve Mayse. The Mayse deed contained the following provision:

"* * * Lena and Harve Mayse are to keep up the gate at the line fence between Beulah Howard and said Lena and Harve Mayse, and Beulah Howard is to keep up the gate on her farm where the road comes out to the county road and the road is to remain and be kept where it is now located * * *." The passway referred to is an outlet for Mrs. Mayse's tract across the tract belonging to her mother. The Mayses used the way for about a year, and when Mr. Mayse started improving it Mrs. Howard objected to its use. The appellees instituted this action seeking to have Mrs. Howard enjoined from interfering with their use of the passway. Mrs. Howard sought to have the deed reformed on the charge that the reference to the passway was fraudulently inserted in the deed by the appellees. Mrs. Howard is appealing from a judgment granting the appellees the relief sought by them.

There was evidence showing that the passway had been used for some 30 years. However, Mrs. Howard's evidence was to the general effect that the way had been used for the convenience of the Howard family in going about over the farm before the partition was made.

The following quotation from the opinion of the chancellor is a fair summary of the evidence produced by both parties:

"This road has been well marked and defined and had been in existence for some 30 years. All parties had known of this road and had used it. It is valuable to plaintiffs even though they may have other roads and no detriment has been shown to defendants.

"There is no doubt in the mind of the court but that the above quoted provision gives plaintiffs the right to use this road unless defendants have shown by clear and convincing evidence that it was inserted in plaintiffs' deed by fraud on the part of plaintiffs.

"Most of the evidence in this case related to other roads or the length of time the road in controversy had been used. If it had been a question of establishing this road by adverse possession or a showing of necessity for the condemnation of an outlet then this evidence would have been material and relevant but it does not show fraud or non-fraud on the part of the plaintiffs.

"There are only four witnesses that are material on this all important question, namely, Beulah Howard, V. H. Redwine, Lena Mayse and Harve Mayse. Mrs. Howard could read and write and had every opportunity to read the deed before she signed it. She does not claim that it was misread to her or that she couldn't see or that anybody prevented her from reading it. V. H. Redwine, the draftsman, said he didn't remember who told him about the road but said the parties talked back and forth while he was writing the deed. Lena Mayse and Harve Mayse both testify positively that Beulah Howard was the one who told Redwine what to put in the deed about the road. All Lee Howard said was that he couldn't read but when he signed the deed later he did not claim that he asked Redwine or anyone else to read it to him or that anyone kept him from having it read. Bill Howard and his wife signed the deed after some time had elapsed and all they claim is that they did not read the deed although Bill's wife was a school teacher. During all this time the deed had been left in the possession of Redwine.

"It seems to the court that the law is so well settled that it is unnecessary to cite authorities that in order to reform a deed that the evidence of fraud must not only equal or overbalance the evidence on the other side, but it must be clear and convincing. In this case we have the evidence of Beulah Howard against that of Lena Mayse and Harve Mayse with the statement of Redwine that at the time he was writing the deed the parties talked back and forth that he didn't remember who mentioned the road."

We agree with the conclusion of the chancellor that Mrs. Howard's evidence falls far short of meeting the character of evidence necessary to reform a deed on the charge of fraud.

The further contention is made that the reference to

the passway is meaningless, since it does not specifically show that the appellees were given a right to use the way. With this argument we can not agree. The deed makes specific reference to a road, and directs that it shall remain in its present location. There is a reference also to a gate in the line fence between Mrs. Howard's property and that of the appellees, and also to a gate where the way enters the county road. We think it is clear that the wording granted the appellees the right to use the road.

The argument is advanced that to permit the appellees to use the passway would be a breach of the warranty in the deed which was made to Mrs. Howard. This contention seems to us to be groundless, because, as heretofore indicated, Mrs. Howard specifically granted to the appellees the right to use the passway. Under the circumstances, we think the judgment should be and it is affirmed.